**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEREK BELL,**<br>**Plaintiff,**<br><br>**v.**<br><br>**PRIMECARE MEDICAL, INC., *et al.*,**<br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO. 26-CV-2467** |

# MEMORANDUM

**PADOVA, J.** **AUGUST 20, 2026**

Derek Bell initiated this civil action by filing a *pro se* Complaint naming as Defendants PrimeCare Medical, Inc. ("PrimeCare"), Lancaster County, and Cheryl Steberger. (ECF No. 2). Bell filed a second motion for leave to proceed *in forma pauperis* after his first one was denied for lack of sufficient financial information. (ECF Nos. 1, 4, & 5.) For the following reasons, the Court will now grant Bell leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTUAL ALLEGATIONS[1]

Bell provides few facts in his Complaint. He states that he was incarcerated during multiple periods between about 2005 and 2021, as a pretrial detainee and a sentenced inmate. (Compl. at 1.) Bell says he was "subjected to ongoing denial and delay of necessary medical care resulting from systemic failures." (*Id.*) He was dependent on the Defendants for medical

---

[1] The factual allegations set forth in this Memorandum are taken from Bell's Complaint ("Compl."), which consists of two typewritten pages (ECF No. 2), plus a Declaration under Federal Rule of Civil Procedure 11 (ECF No. 6). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

care, during which time he apparently suffered from untreated withdrawal, severe pain, and "medical deterioration."[2] (*Id.*) Bell asserts that he repeatedly requested care through grievances and sick call requests, to no avail. (*Id.*) He claims that, due to the lack of treatment, he endured prolonged suffering, worsening conditions, and a life cycling through harm and recidivism. (*Id.*) Bell maintains that PrimeCare's policies prioritized cost over care, and that Lancaster County and supervisory officials failed to correct the deficiencies. (*Id.* at 1-2.)

Bell filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on April 13, 2026, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. (*Id.*) He claims that he suffered physical pain, emotional distress, and ongoing harm. (*Id.* at 2.) Bell contends that the constitutional violations spanned multiple incarcerations and that his claims should be considered to be timely, because he did not "fully understand or pursue claims due to systematic and personal barriers." (*Id.*) As relief, he seeks money damages. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Bell leave to proceed *in forma pauperis* because he appears unable to pay the filing fee in this matter. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

[2] Bell does not elaborate on what the "withdrawal" was from, but the Court presumes him to refer to substance abuse withdrawal.

face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in Bell's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Bell is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245 (citation omitted). This includes compliance with Federal Rule of Civil Procedure 8, which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," accompanied by a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a)(2). In meeting Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (*per curiam*)). "Naturally, a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (quoting *Schaedler v. Reading Eagle*

*Publication, Inc.*, 370 F.2d 795, 799 (3d Cir. 1967)) (additional citation omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citations omitted).

## III. DISCUSSION

Bell's Complaint fails to comply with Rule 8 and does not set forth a plausible basis for any claim. He contends that "Defendants acted with deliberate indifference" by denying medical care at unspecified time(s) during various periods he was incarcerated between 2005 and 2021.[3]

[3] In addition to non-compliance with Rule 8, Bell's claims are facially untimely and appear to be barred by the two-year statute of limitations. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." (citation omitted)); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that a state's statute of limitations for personal injury torts applies to § 1983 claims (citations omitted)); 42 Pa. Cons. Stat. § 5524 (providing a two-year statute of limitations for personal injury claims). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotation omitted). Although Bell invokes the continuing violation, discovery rule, and equitable tolling doctrines, he has not provided a factual basis for applying them. (Compl. at 2.) Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014) (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)). The discovery rule provides that a statute of limitations does not begin to run until "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *Romero v. Allstate Corp.*, 404 F.3d 212, 222 (3d Cir. 2005) (citation omitted). "Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum." *Lloyd v. Ocean Twp. Couns.*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*) (citing *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000)).

Bell states obliquely that he was "unable to fully understand or pursue claims due to systemic and personal barriers," but the Complaint is devoid of any specific facts that would allow the Court to consider whether those doctrines should apply. If Bell chooses to amend his complaint, he should provide plausible facts that speak to the untimeliness of his claims. *See Mote v. Murtin*, 816 F. App'x 635, 636 (3d Cir. 2020) ("[U]ntimeliness may justify sua sponte dismissal where it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." (quotation and citation omitted).

(*Id*. at 1-2.) He identifies PrimeCare, Lancaster County, and Steberger as responsible parties, and alleges that he experienced untreated withdrawal, severe pain, and medical deterioration that were not addressed through grievances or sick call requests. (*Id.*) However, these few conclusory statements fail to provide the "who, what, and why, that is, to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Scotto v. Wells Fargo & Co*, No. 25-2858, 2026 WL 1347535, at *2 (3d Cir. May 14, 2026) (*per curiam*) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993)). For example, although Bell identifies PrimeCare, Lancaster County, and Steberger as defendants, he only alleges that they collectively caused harm and does not identify which defendant was responsible for a particular harm. "[I]n other words, [he] did not allege *who* did what." *Id*.; *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because "plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable" and failed to "present cognizable legal claims to which defendants could respond on the merits"). Likewise, Bell's assertion that the alleged harm(s) occurred at some unspecified time(s) during a sixteen-year period, clearly fails to provide "proper notice of what the claim is and the specific grounds upon which it rests." *Glauberzon v. Pella Corp.*, Civ. A. No. 10-5929, 2011 WL 1337509, at *10 (D.N.J. Apr. 7, 2011) (dismissing claim where plaintiffs "ambiguously fram[ed] their claim" involving "various people at unspecified or various points in time").

Further, Bell's unadorned statements that he endured untreated withdrawal, severe pain, and "medical deterioration" during his incarcerations run afoul of Rule 8 because he has not supplied any facts giving rise to those alleged events or conditions. "[A] complaint [does not]

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (third alteration in original) (quoting *Twombly,* 550 U.S. at 557); *see also Twombly*, 550 U.S. at 555 (acknowledging that "[f]actual allegations must be enough to raise a right to relief above the speculative level" (citation omitted)). Again, the allegations do not convey a clear claim to which the Defendants could reasonably respond on the merits. *See Garrett*, 938 F.3d at 93; *see also Afzal*, 2022 WL 4533826, at *3.

As presently pleaded, Bell's Complaint is undeveloped and facially untimely, and, accordingly, implausible. The Court will dismiss the Complaint with leave to amend. If Bell chooses to file an amended complaint, he should keep in mind some of the following guiding principles.

First, Bell states that he wants to bring claims for violations of his civil rights via a complaint under 42 U.S.C. § 1983. (Compl. at 1.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). In other words, "[e]ach Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

To the extent that Bell names Steberger as a Defendant but has not alleged any personal involvement on her part, generalized allegations that a supervisory defendant is "in charge of" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.'"). Liability under § 1983 cannot be predicated on a *respondeat superior* basis. *Chavarriaga v. N.J. Dep't of Corr*., 806 F.3d 210, 227 (3d Cir. 2015); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d. Cir. Nov. 28, 2022) (*per curiam*) (citation omitted). Rather, "[s]uits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* (quotation omitted).

As for the claims he seeks to raise under the Eighth or Fourteenth Amendment, Bell must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately

indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a layperson would easily recognize the necessity for a doctor's attention." *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023) (quotation omitted). "A serious medical need exists where 'failure to treat can be expected to lead to substantial and unnecessary suffering.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir. 1991)). Deliberate indifference is properly alleged "where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, [or] (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." *Montanez v. Price*, 154 F.4th 127, 141 (3d Cir. 2025) (quotation omitted), *cert. denied*, 2026 WL 1718015 (U.S. June 15, 2026).

Finally, Bell has named PrimeCare and Lancaster County as Defendants. To state a § 1983 claim against a municipal entity or a municipal contractor such as PrimeCare, a plaintiff must allege that the municipality or contractor's policy or custom caused the violation of his constitutional rights. *Monell v. N.Y.C. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (applying *Monell* to claims against medical contractor). "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (alteration in original)

(quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)) (citation omitted). To allege an unconstitutional custom, a plaintiff must state facts from which it could be inferred that a decisionmaker acquiesced in a practice that essentially constitutes "standard operating procedure." *Bielevicz*, 915 F.3d at 850 (quotation omitted). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

Under a heading entitled "Policy and Custom" in his Complaint, Bell asserts that "Defendant PrimeCare Medical maintained policies prioritizing cost over care," and that "Lancaster County and supervisory officials failed to correct these deficiencies." (Compl. at 1-2.) But these generalized, vague allegations do not state a plausible claim against either PrimeCare or the County. At most, they signal an awareness on Bell's part that a legal claim under *Monell* requires him to allege a policy or custom, but his statements do not contain any facts accompanying the bald allegation that cost was prioritized over care. *See, e.g.*, *Szerensci v. Shimshock*, Civ. A. No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*." (citing cases)). Further, merely asserting the existence of a purported policy is not enough; a plaintiff must provide facts plausibly linking the policy or custom to any harm he alleges. *Est. of Roman*, 914 F.3d at 798

("A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries.") (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).

As noted, Bell will be granted leave to file an amended complaint to "flesh out his allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of his claim." *Davis v. Internal Revenue Serv.*, Civ. A. No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (quoting *Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)). Should he choose to do so, he should be mindful of the above factual and legal requirements, including the statute of limitations bar to claims.

## IV. CONCLUSION

The Court will grant Bell's motion for leave to proceed *in forma pauperis* and will dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Cognizant of his *pro se* status, the Court will grant Bell an opportunity to file an amended complaint. An appropriate Order containing more information about amendment follows.

**BY THE COURT:**

**/s/ John R. Padova, J.**

**JOHN R. PADOVA, J.**